**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

<hr>

**No. 22-4640**

<hr>

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

RICHARD ALAN COSTANZO,

        Defendant - Appellant.

<hr>

Appeal from the United States District Court for the District of South Carolina, at Beaufort. Bruce H. Hendricks, District Judge.  (9:19-cr-00057-BHH-1)

<hr>

Submitted:  July 19, 2023                                      Decided:  December 28, 2023

<hr>

Before NIEMEYER and RUSHING, Circuit Judges, and FLOYD, Senior Circuit Judge.

<hr>

Affirmed by unpublished per curiam opinion.

<hr>

**ON BRIEF:**  Emily Deck Harrill, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Adair F. Boroughs, United States Attorney, J. Carra Henderson, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

<hr>

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Alan Costanzo pled guilty to possession of a firearm as a convicted felon and was sentenced to five years' probation.  While serving his probation, Costanzo was charged in state court with criminal domestic violence ("CDV"), second degree.  The district court revoked Costanzo's supervised release and sentenced him to 37 months of imprisonment to be followed by 36 months of supervised release.  On appeal, Costanzo challenges the district court's admission of hearsay evidence at the revocation hearing.  We affirm.

"We review a district court's evidentiary ruling in a revocation hearing for abuse of discretion."  *United States v. Ferguson*, 752 F.3d 613, 616 (4th Cir. 2014).  Pursuant to Fed. R. Crim. P. 32.1(b)(2)(C), a defendant in a revocation proceeding is entitled to an opportunity to question adverse witnesses unless the court determines that the interest of justice does not require the witness to appear.  *Id.*  "Rule 32.1(b)(2)(C) specifically requires that, prior to admitting hearsay evidence in a revocation hearing, the district court must balance the releasee's interest in confronting an adverse witness against any proffered good cause for denying such confrontation."  *United States v. Doswell*, 670 F.3d 526, 530 (4th Cir. 2012).  While reliability is no longer the test for admissibility, it remains "a critical factor in the balancing test under Rule 32.1."  *Id.* at 531.  "If hearsay evidence is reliable and the [g]overnment has offered a satisfactory explanation for not producing the adverse witness, the hearsay evidence will likely be admissible under Rule 32.1."  *Id.*

We have thoroughly reviewed the record and conclude that the district court appropriately considered Costanzo's confrontation rights and applied the balancing test of

2

Rule 32.1. The district court did not abuse its discretion in determining that the good cause proffered by the Government for the victim's unavailability outweighed Costanzo's confrontation interests. *See Ferguson*, 752 F.3d at 616. As the Government explained, it made numerous attempts to contact the victim in the months prior to the hearing and worked with the victim advocate for local law enforcement to try to locate the victim. The Government also attempted to serve a subpoena on the victim at her last known address, but the victim could not be found, and therefore the Government could not call her to testify. We further conclude the district court did not abuse its discretion in finding that the victim's statements were reliable because they were made soon after the assault and were corroborated by other evidence, including photographs, and because the victim accurately described what Costanzo was wearing despite his claim that he had not seen the victim that day.

Finally, Costanzo argues that the district court improperly admitted uncorroborated hearsay evidence that he took the victim's cell phone, and based upon this improperly admitted evidence, determined that he violated the conditions of probation by committing second degree criminal domestic violence ("CDV"), a Grade A violation, rather than third degree CDV, a Grade C violation. We find no abuse of discretion by the district court in concluding that reliable evidence supported the determination that Costanzo had committed second degree CDV by either impeding the victim's airflow or by taking her phone to prevent her from calling the police. *See* S.C. Code. Ann. § 16-25-20(C)(4)(d), (e).

3

Accordingly, we affirm the district court's revocation order.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*